■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY WATLEY, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered May 8, 1967, convicting defendant of robbery in the third degree, unarmed, on his plea of guilty during trial, and sentencing him to a prison term of from 5 to 10 years. Judgment reversed, on the law, and case remitted to the Criminal Term for the purposes of (1) holding a hearing upon defendant's motion to withdraw his plea of guilty, limited to (a) his claim of innocence and (b) his claim that the trial court coerced his guilty plea through his attorney, (2) making a determination thereon *de novo* and (3) further proceedings not inconsistent herewith. Since it is anticipated that the Justice who accepted the plea may be a witness on the issue of coercion, it is further directed that the hearing be conducted before another Justice. No questions of fact bearing on the merits of the aforesaid claims were considered on this appeal. Predicated on the record before us, we find that defendant was unduly frustrated in his attempts to explain his position and that the trial court did not afford him an adequate opportunity to substantiate his aforesaid claims. Accordingly we are of the opinion that the informed discretion envisioned by the statute was not exercised ('Code Crim. Pro., § 337; *People* v. *Vignera,* 29 A D 2d 657; *People* v. *Klein,* 26 A D 2d 559) and it was error for the trial court to decide defendant's motion to withdraw his plea of guilty without permitting him to adduce such proof as he might have been advised in support of his aforesaid claims (*People* v. *Jones,* 30 A D 2d 560). We have also considered defendant's other bases for his claim that his plea was induced and find them patently

without merit and not persuasive that he should have been afforded a hearing with respect thereto. With respect to defendant's claim that he was denied the effective assistance of new counsel on his motion to withdraw his plea, we are of the opinion that defendant waived this when he stated to the court that he would argue the motion himself. In any event, in view of our determination that defendant is entitled to a hearing as limited, and, since it is anticipated that new counsel will be assigned to represent him thereat, if defendant be so advised, the question is academic with respect to the claims to be considered at the hearing. Brennan, Hopkins and Kleinfeld, JJ., concur; Christ, Acting P. J., and Rabin, J., dissent and vote to affirm the judgment.